# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLUBCOM, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02: 07-cv-1462 |
| | ) | |
| CAPTIVE MEDIA, INC., d/b/a HEALTH CLUB PANEL NETWORK, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| CM SHAREHOLDER HOLDINGS, INC., f/k/a/ CAPTIVE MEDIA, INC., d/b/a HEALTH CLUB PANEL NETWORK, a California Corporation, | ) ) ) ) | |
| | ) | |
| Counterclaim Plaintiff, | ) | |
| | ) | |
| v. | ) | 02: 07-cv-1462 |
| | ) | |
| CLUBCOM, INC., a Delaware Corporation; | ) | |
| | ) | |
| Counterclaim Defendant. | ) | |

## ORDER OF COURT

Presently before the Court for disposition is the MOTION TO COMPEL DISCOVERY RESPONSES, with brief in support, filed by Defendant and Counterclaim Plaintiff CM Shareholder Holdings, Inc., f/k/a Captive Media, Inc., d/b/a Health Club Panel Network ("Captive Media") (Document Nos. 75 and 76, respectfully), the MEMORANDUM OF LAW IN OPPOSITION filed by Plaintiff and Counterclaim Defendant ClubCom, Inc.. (Document No. 82), and the REPLY BRIEF (Document No. 83) filed by Captive Media (Document No. 83).

Captive Media's motion seeks to compel responses to the following discovery requests:

a. Interrogatories 2-3, 5-8, 10, 13-17;

b. Requests for Admission 64-66; and

c. Requests for Production 11-23, 24-27, 28-31, 33, 35-37, 44, 46-47, 50-61; 63-64; 66, 68, 72, 75, 77, 79, 81, and 87.

At the outset, ClubCom opposes the motion on the ground that Captive Media has failed to fulfill its "meet and confer" obligations pursuant to Federal Rule of Civil Procedure 37(d) and Local Rule 37.1.

**LOCAL RULE 37.1**

Local Rule 37.1 requires counsel for the moving party to submit to the Court a certificate "that said counsel . . . has made a reasonable effort to reach agreement with opposing counsel . . . on the matters set forth in the motion and summarizing the facts and circumstances of that reasonable effort . . . ." Local Rule 37.1 imposes a substantial obligation on counsel to resolve discovery problems before bringing them to the attention of the court. ClubCom contends that Captive Media "made, at best, only the most perfunctory attempt to satisfy its 'meet and confer' obligations and, at worst, did as little as possible so as to ensure that it would bring a discovery dispute to the Court." Br. at 6-7. From a review of the record, the Court does not agree.

The original discovery requests propounded by Captive Media were served on ClubCom on July 10, 2008. Thereafter, ClubCom requested and received extensions on four separate occasions. ClubCom served its discovery responses on October 6, 2008. In October

2008, Captive Media sent "meet and confer" letters with respect to the Zoom acquisition documents that ClubCom refused to produce. On November 26, 2008, Captive Media, through counsel, sent a nine-page letter to ClubCom detailing what it considered to be deficiencies in the discovery responses. On December 22, 2008, counsel for ClubCom responded to the November 26, 2008, letter, and asserted the same objections as it has raised in its response to the motion to compel.

The Court finds that Captive Media has complied with Local Rule 37.1 and will proceed to examine the merits of the motion.

## DISCOVERY REQUESTS

Captive Media's motion to compel is **GRANTED IN PART AND DENIED IN PART** and ClubCom shall on or before **March 9, 2009,** provide full and complete answers to the pending interrogatories, requests for admissions, and request for production of documents to the best of its ability and understanding of the request(s), in accordance with the following rulings on the objections filed by Captive Media.

## INTERROGATORIES

As a preliminary matter, the Court notes that ClubCom argues that a number of interrogatories are "contention interrogatories" and are, therefore, premature at this stage. The Court rejects this argument for a couple of reasons.

First, fact discovery ends in this case on May 4, 2009; the Court finds that any requested "contention interrogatory" is hardly premature when discovery ends in approximately

nine (9) weeks. Additionally, Federal Rule of Civil Procedure 33(a)(2) specifically states "[a]n interrogatory is not objectionable merely because it asks for an opinion or <u>contention</u> that relates to facts or the application of law to fact. . . ." (emphasis added.) The Court recognizes, however, that the Rule also provides that "the court may order that such an interrogatory need not be answered until after designated discovery has been completed or until a pretrial conference or other later time." *Id.*

2. Objection **GRANTED**. Captive Media requests each fact upon which ClubCom bases its contention that it is entitled to recover damages, and the nature and amount of all damages. In response, ClubCom states that "[Captive Media's] breaches of the License Agreement, use of unfair trade practices, and violation of ClubCom's intellectual property rights have caused <u>substantial damages</u> to ClubCom." (emphasis added). The Court finds that this is a straightforward interrogatory and is deserving of a straightforward answer. The conclusory response that ClubCom has suffered "substantial damages" is a wholly inadequate response. ClubCom shall provide a complete and specific response to this interrogatory.

3. Objection **DENIED.** The Court finds that ClubCom has provided a complete response.

5. Objection **GRANTED**. Captive Media requests the <u>identity</u> of the ClubCom customers who "expressed confusion over HCPN-DB and how it worked with the

ClubCom Network." In response, ClubCom does not identify any individual but rather states that "representatives of both the Jewish Community Centers and Fitworks expressed confusion, . . . as well as representatives of Sport & Health Clubs and Town Sports International." The Court finds that this is a straightforward interrogatory and is deserving of a straightforward answer. The general response that unidentified representatives expressed confusion is a wholly inadequate response. ClubCom shall provide a complete and specific response to this interrogatory.

6. Objection **GRANTED.** Captive Media seeks facts which support ClubCom's allegations that Captive Media developed HCPN-DB to allegedly compete with ClubCom. The Court finds that ClubCom's response of "multiple customers referred to in the Complaint" and "certain CM marketing materials that those customers provided to ClubCom" is too broad a generalization to constitute a sufficient response. ClubCom shall provide a complete and specific response to the interrogatory, without reference to the Complaint, which includes the identification of the "multiple customers" and the "CM marketing materials," which supports its contention that Captive Media was marketing the HCPN-DB network to compete with the ClubCom network.

7. Objection **DENIED.** The Court finds that ClubCom has provided a complete response.

8. Objection **GRANTED.** ClubCom responds that it has expended "significant sums . . . which is reflected in documents that ClubCom <u>will produce</u> . . . ." (emphasis added). If such documents have not been produced, they shall be produced on or before March 9, 2009. If ClubCom has already produced documents responsive to this interrogatory, then ClubCom shall provide to Captive Media complete and specific identification of each such document, i.e., Bates number, date of document, author of document, etc.

10. Objection **GRANTED.** It appears that ClubCom provided a partial response as it stated that it paid $3,000,000 to secure the advertising rights licensed under the License Agreement. However, ClubCom also broadly states that it "expended <u>substantial sums</u> to operate and develop the network . . . ." (emphasis added.) The Court finds that this is too broad a generalization to constitute a sufficient response. ClubCom shall supplement its response to this interrogatory with specificity.

13. Objection **GRANTED.** The Court finds that this is a straightforward interrogatory and is deserving of a straightforward answer. Captive Media has asked for information which supports ClubCom's contention that Captive Media interfered with any contractual or business relationship between ClubCom and any other party. In response, ClubCom states that "at a minimum" Captive Media approached those customers identified in the Response to Interrogatory No. 5. As explained *supra*,

Response to Interrogatory No. 5 is not sufficient. ClubCom shall provide a complete and specific response to this interrogatory.

14. Objection **GRANTED.** Same ruling and reasoning as that listed in Paragraph 13 *supra*.

15. Objection **GRANTED.** The Court finds that the term "authorized to act on YOUR behalf" is neither vague nor ambiguous. ClubCom shall provide a complete and specific response to this interrogatory.

16. Objection **GRANTED.** Same ruling and reasoning as that listed in Paragraph 15 *supra*.

17. Objection **GRANTED.** The Court finds that this is a straightforward interrogatory and is deserving of a straightforward answer. Captive Media requests each fact upon which ClubCom bases its contention that ClubCom terminated the License Agreement in compliance with paragraph 12(d) of the License Agreement. The Court finds that ClubCom's response that "CM's breaches of the License Agreement were egregious and amounted to incurable breaches" is not a sufficient response. ClubCom shall provide a complete and specific response to this interrogatory.

**REQUESTS FOR ADMISSION**

Captive Media asks that the Court either deem Requests for Admission Nos. 64, 65, and 66 admitted or require ClubCom to provide proper responses. Captive Media's request will be **GRANTED IN PART AND DENIED IN PART.**

Federal Rule of Civil Procedure 36 governs the propounding of requests for admission and states in pertinent part, "the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4).

The three Requests for Admission at issue ask ClubCom to admit that a given document (the License Agreement provided to Captive Media) provided Captive Media with (i) the right to install digital signage in any of the facilities listed in Appendix B of the License Agreement (Req. for Admission No. 64); (ii) the right to install digital signage in any of the facilities listed in Appendix A of the License Agreement (Req. for Admission No. 65); and (iii) that the License Agreement contemplated that Captive Media would install digital signage in facilities other than those listed in Appendix A of the License Agreement (Req. for Admission No. 66).

ClubCom objected to each of these Requests for Admission as seeking a "legal conclusion or opinion, and on the ground that it seeks to require ClubCom to characterize a legal document. . . ."

The Court finds and rules that ClubCom's objections to these Requests for Admission are without merit. If ClubCom believes that the License Agreement does not say or contemplate what Captive Media asks it to admit it does, or is otherwise "taken out of context," it may deny the Requests for Admission. If, on the other hand, the statements are accurately

quoted or referenced, ClubCom must admit the Requests for Admission, but ClubCom is free to present evidence at trial contradicting the quoted or referenced statement.

Captive Media's request to deem these Requests for Admission admitted is **DENIED.**

**REQUEST FOR PRODUCTION OF DOCUMENTS**

Although thirty-nine (39) individual requests for production of documents are in dispute, the requests fall into eleven (11) categories, which will be addressed seriatim.[1]

1. <u>Documents Regarding The Key Persons Involved in the Lawsuit
   (Request Nos. 11-23, inclusive)</u>

Document Request Nos. 11 - 20 - objections **DENIED.** These requests seek documents for "any telephone communication" or "any email, text message or similar communication" by ClubCom employees Thomas Lapcevic, Paul Bryne, and Raymond Berens for the period from January 1, 2007 to November 14, 2007. The Court finds that these requests are vague and overly broad as they fail to include any subject-matter limitation for the information requested.

Document Request Nos. 21, 22, and 23 - objections **DENIED.** These requests seek all documents "relating to any request" by Thomas Lapcevic, Paul Bryne, and Raymond Berens

---

[1] Captive Media also argues that ClubCom has not produced a privilege log. However, since the date of the filing of the Motion to Compel, ClubCom represents, and Captive Media does not dispute, that ClubCom produced a privilege log on January 26, 2009, and on January 30, 2009, substantially augmented its prior log. Therefore, the Court will not address this issue.

9

for "reimbursement of expenses from January 1, 2005 to November 14, 2007." The Court finds that these requests are vague and overly broad as they fail to include any subject-matter limitation for the information requested.

2.  <u>Documents Regarding Actual and Potential Business Relationships at Issue (Request Nos. 24 - 27, inclusive)</u>

Document Request Nos. 24 and 25 - objection **DENIED.** These requests seek (i) all documents created since December 7, 2005, which relates to any potential merger between ClubCom and any other entity and (ii) all documents which relate to any potential sale or transfer of ClubCom assets to any other person. The objections are denied as overly broad, not relevant to the issues raised by this lawsuit, nor reasonably calculated to lead to the discovery of relevant or admissible evidence.

Document Request No. 26 - objection **GRANTED** to the extent that ClubCom has such responsive documents in its possession.

Document Request No. 27 - objection **GRANTED IN PART**. ClubCom has represented that it will produce non-privileged documents responsive to this request. To the extent that ClubCom has such responsive documents, and to the extent that same have not already been produced, same shall be produced on or before March 9, 2009. If ClubCom has already produced documents responsive to this request for production, then ClubCom shall provide to Captive Media complete identification of each such document, i.e., Bates number, date of document, author of document, etc.

3. Documents Relating to the Agreements At Issue
(Request Nos. 28-31, 33, 35-36, 44)

To use Captive Media's own words, these requests "seek documents relating to communications among the Counterdefendants with respect to actions as third-party beneficiaries under the contract at issue, as well as to their involvement in ClubCom's inability and failure to perform under the agreement and Counterdefendants' scheme to interfere with [Captive Media's] anticipated strategic investment." Mot. at 14. By Memorandum Opinion and Order of January 31, 2009, the Court dismissed Precor, Inc.; Amer Sports Company, and Amer Sports Oyj. Accordingly, any requests for third-party beneficiary information are no longer relevant to this litigation.

The Court notes however, that ClubCom has represented that it does not have in its possession any documents responsive to Request Nos. 30 and 35 and has represented that it will produce non-privileged documents responsive to Request No. 36. To the extent that ClubCom has such responsive documents, and to the extent that same have not already been produced, same shall be produced on or before March 9, 2009. If ClubCom has already produced documents responsive to this request for production, then ClubCom shall provide to Captive Media complete identification of each such document, i.e., Bates number, date of document, author of document, etc.

4. Program Agreements Between ClubCom and its Clubs (Request No. 37)

Objection **GRANTED IN PART**. The Court finds that this request is vague and overly broad as it fails to include any temporal limitations bearing a relationship to the matters

in dispute. However, the Court notes, that notwithstanding its objection, ClubCom has agreed to produce sample program agreements and a list of each club with which ClubCom entered into such a program agreement. To the extent that same have not already been produced, same shall be produced on or before March 9, 2009.

5. Documents Between ClubCom and Active Media and the Facilities Referenced in the Underlying Agreement (Request Nos. 46 and 47)

Objections **DENIED.** The Court finds that these requests are vague and overly broad as they fail to include any subject-matter limitation for the information requested and the temporal limitations (since January 1, 2004) appears to bear no relationship to the matters in dispute.

6. Documents Regarding Communications With Other Facilities (Request Nos. 50-61)

Objections **GRANTED IN PART and DENIED IN PART**. The Court finds that these requests are vague, overbroad and unduly burdensome as they fail to include any temporal limitations or subject-matter limitation for the information requested. However, the Court notes that, notwithstanding its general objections, ClubCom has agreed to produce non-privileged documents in response to Request Nos. 52, 55, 57, 59, 60, and 61. Accordingly, Captive Media's request is **GRANTED.** To the extent that ClubCom has not already produced these documents, same shall be produced on or before March 9, 2009.

Captive Media's objections to Response to Request Nos. 50, 51, 53, 54, 56, and 58 are **DENIED.**

7. <u>Documents Regarding Any Licensed Advertisements (Request No. 63)</u>

Objection **DENIED.** The Court finds that this request is vague and overly broad as it fails to provide any date restriction and is neither relevant to the issues raised by this lawsuit nor reasonably calculated to lead to the discovery of relevant or admissible evidence.

8. <u>Documents Regarding Expansion of the ClubCom Network
 (Request Nos. 64, 66, 68)</u>

Objections **GRANTED**. In response to Request Nos. 64 and 66, ClubCom responds that "it will produce non-privileged documents responsive to requests to the extent that it has indicated it will produce them in response to other specific requests contained in the Document Request." The Court finds this response evasive and non-responsive. To the extent that ClubCom has such responsive documents, and to the extent that same have not already been produced, same shall be produced on or before March 9, 2009. If ClubCom has already produced documents responsive to this request for production, then ClubCom shall provide to Captive Media complete identification of each such document, i.e., Bates number, date of document, author of document, etc.

As to Request No. 68, ClubCom responds that it will produce non-privileged documents responsive to this Request. Accordingly, to the extent that ClubCom has such responsive documents, and to the extent that same have not already been produced, same shall be produced on or before March 9, 2009. If ClubCom has already produced documents responsive to this request for production, then ClubCom shall provide to Captive Media

complete identification of each such document, i.e., Bates number, date of document, author of document, etc.

9. Documents Regarding Expenses Incurred Under the Agreement
   (Request Nos. 72, 87)

Objections **DENIED**. The Court finds these requests to be overbroad and unduly burdensome as the requests include no date restrictions and seek documents related to any expenses incurred by anyone at ClubCom with respect to the License Agreement, whether or not those expenses bear any relationship to this litigation.

10. Documents Regarding Reports and Promotion to Fitness Facilities
    (Request Nos. 75, 79, 81)

Objections 75 and 79 **GRANTED**. These requests asks for documents relating to commissions paid under the underlying agreement, and advertising and actual or potential advertising in fitness facilities for the time period "since December 7, 2005." ClubCom objects, inter alia, to the temporal limitation as it allegedly bears "no relationship to the matters in dispute." Obj. at 13. Captive Media responds that the time frame is "reasonably set from the time the underlying Agreement was formed to the present." The Media Placement Agreement between the parties is dated July 18, 2003 and the Advertising Rights License Agreement is dated March 7, 2006. Accordingly, it appears to the Court that these requests are appropriate and said documents shall be produced on or before March 9, 2009.

Objection 81 **GRANTED**. Captive Media argues that this request seeks documents which pertain to ClubCom's allegations that at the Club Industry Trade Show in Chicago,

14

Illinois from October 10, 2007 through October 13, 2007, Captive Media promoted an "alternative" network and "specifically targeted select ClubCom customers and prospective customers." The Court finds that the request is straightforward. Accordingly, ClubCom shall produce any responsive documents on or before March 9, 2009.

11. <u>Documents Relating to Zoom Media (Request No. 77)</u>

Objection **DENIED**. The Court finds that this request is overbroad and unduly burdensome as it seeks documents that are neither relevant to the issued raised by this lawsuit nor reasonably calculated to lead to the discovery of relevant or admissible evidence.

So **ORDERED** this 24th day of February, 2009.

BY THE COURT:

<u>s/Terrence F. McVerry</u>
United States District Court Judge

cc: Diane M. Nardi, Esquire
Brown Rudnick LLP
Email: dnardi@brownrudnick.com

Emilio A. Galvan, Esquire
Brown Rudnick LLP
Email: egalvan@brownrudnick.com

J. Scott Humphrey, Esquire
Seyfarth Shaw
Email: shumphrey@seyfarth.com

Louis S. Chronowski, Esquire
Seyfarth Shaw LLP
Email: lchronowski@seyfarth.com

Martin S. Siegel, Esquire
Brown Rudnick LLP
Email: msiegel@brownrudnick.com

Michael R. Levinson, Esquire
Seyfarth Shaw LLP
Email: mlevinson@seyfarth.com

Michael D. Wexler, Esquire
Seyfarth Shaw
Email: mwexler@seyfarth.com

Susan A. Yohe, Esquire
Buchanan Ingersoll
Email: susan.yohe@bipc.com

David A. Strassburger, Esquire
Strassburger, McKenna, Gutnick & Gefsky
Email: dstrassburger@smgglaw.com

Louis P. Petrich, Esquire
Leopold, Petrich & Smith, P.C.
Email: lpetrich@lpsla.com

Thomas J. Peistrup, Esquire
Leopold, Petrich & Smith
Email: tpeistrup@lpsla.com

Vincent Cox, Esquire
Leopold, Petrich & Smith
Email: vcox@lpsla.com