# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLUBCOM, LLC f/k/a CLUBCOM, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 02: 07-cv-1462 |
| ) | |
| CAPTIVE MEDIA, INC., d/b/a HEALTH ) | |
| CLUB PANEL NETWORK, ) | |
| ) | |
| Defendant. ) | |

| | |
|---|---|
| CM SHAREHOLDER HOLDINGS, INC., ) | |
| f/k/a/ CAPTIVE MEDIA, INC., ) | |
| d/b/a HEALTH CLUB PANEL NETWORK, ) | |
| a California Corporation, ) | |
| ) | |
| Counterclaim Plaintiff, ) | |
| ) | |
| v. ) | 02: 07-cv-1462 |
| ) | |
| CLUBCOM, LLC, f/k/a CLUBCOM, INC., ) | |
| a Delaware Corporation; ) | |
| ) | |
| Counterclaim Defendant. ) | |

## ORDER OF COURT

Presently before the Court for disposition is the MOTION TO COMPEL PRODUCTION OF DOCUMENTS, with brief in support, filed by Plaintiff and Counterclaim Defendant ClubCom, LLC ("ClubCom") (Document Nos. 97 and 98, respectfully), the MEMORANDUM OF LAW IN OPPOSITION filed by Defendant and Counterclaim Plaintiff CM Shareholder Holdings, Inc., f/k/a Captive Media, Inc., d/b/a Health Club Panel Network ("CM") (Document No. 107), and the REPLY BRIEF filed by ClubCom (Document No. 115).

ClubCom seeks to compel the production of 2,500 Venue Agreements which CM has refused to produce to ClubCom. ClubCom argues that the Venue Agreements are highly relevant to the competing claims of both parties in this lawsuit. CM responds that the Venue Agreements are not relevant as they "have nothing whatsoever to do with any alleged 'harm' suffered by ClubCom. . . ." Response at 4. CM also argues that the production of the 2,500 Venue Agreements would be unduly burdensome and would result in the disclosure of confidential competitive information. Additionally, CM responds that it has produced eighteen (18) sample Venue Agreements, dated from 2000 to January 2008, which accurately represent the manner in which the form agreement was revised and used over time. CM also represents that it does not have possession, custody or control over any Venue Agreements executed after March 27, 2008.

The Court finds that the arguments of CM are without merit. The Court finds and rules that the Venue Agreements are clearly relevant. In this lawsuit, ClubCom alleges that CM created a competing digital advertising network which constituted a breach of the License Agreement between the parties. CM argues that it did not breach the License Agreement, but that the termination of the License Agreement by ClubCom damaged its business. To the extent that the Venue Agreements gave CM the right to install its own digital advertising network at health fitness facilities and reflect that CM promoted this competing network to ClubCom's existing and prospective customers, said agreements would appear to go to the heart of ClubCom's claims and CM's counterclaims. Thus, it is clear that the Venue Agreements are relevant to the competing claims of both parties.

Furthermore, it does not appear that the production of these Venue Agreements would be unduly burdensome to CM. CM has possession of the requested Venue Agreements, although it claims to not have possession, custody or control over any venue agreement executed after March 27, 2008. Furthermore, CM's concern that the production of these Venue Agreements would result in the disclosure of confidential competitive information is without merit as the parties have entered into a Stipulated Protective Order that entitles the parties to designate documents as "confidential" or "attorney's eyes only." Also, it appears that the parties are no longer competitors as Captive Media sold substantially all of its assets to a third-party investor in the Fall of 2008, including the HCPN-DB Network.

For all the hereinabove stated reasons, ClubCom's Motion to Compel is **GRANTED**. CM shall produce to ClubCom all Venue Agreements executed before March 27, 2008, **on or before July 14, 2009.**

So **ORDERED** this 30th day of June, 2009.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc:  Diane M. Nardi, Esquire
Brown Rudnick LLP
Email: dnardi@brownrudnick.com

Emilio A. Galvan, Esquire
Brown Rudnick LLP
Email: egalvan@brownrudnick.com

Martin S. Siegel, Esquire
Brown Rudnick LLP
Email: msiegel@brownrudnick.com

Susan A. Yohe, Esquire
Buchanan Ingersoll
Email: susan.yohe@bipc.com

David A. Strassburger, Esquire
Strassburger, McKenna, Gutnick & Gefsky
Email: dstrassburger@smgglaw.com

Louis P. Petrich, Esquire
Leopold, Petrich & Smith, P.C.
Email: lpetrich@lpsla.com

Thomas J. Peistrup, Esquire
Leopold, Petrich & Smith
Email: tpeistrup@lpsla.com

Vincent Cox, Esquire
Leopold, Petrich & Smith
Email: vcox@lpsla.com