**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CLUBCOM, LLC f/k/a CLUBCOM, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02: 07-cv-1462 |
| | ) | |
| CAPTIVE MEDIA, INC., d/b/a HEALTH | ) | |
| CLUB PANEL NETWORK, | ) | |
| SHAREHOLDER HOLDINGS, INC., | ) | |
| f/k/a/ CAPTIVE MEDIA, INC., | ) | |
| d/b/a HEALTH CLUB PANEL NETWORK, | ) | |
| a California Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| CM SHAREHOLDER HOLDINGS, INC., | ) | |
| f/k/a/ CAPTIVE MEDIA, INC., | ) | |
| d/b/a HEALTH CLUB PANEL NETWORK, | ) | |
| a California Corporation, | ) | |
| | ) | |
| Counterclaim Plaintiff, | ) | |
| | ) | |
| v. | ) | 02: 07-cv-1462 |
| | ) | |
| CLUBCOM, LLC f/k/a CLUBCOM, Inc., | ) | |
| a Delaware Limited Liability Corporation, | ) | |
| | ) | |
| Counterclaim Defendant. | ) | |

**MEMORANDUM ORDER OF COURT**

Presently pending before the Court is the MOTION FOR JUDICIAL DETERMINATION OF PRIVILEGE AND TO COMPEL PRODUCTION, with brief in support, filed by CM Shareholder Holdings, Inc. ("CM") (Document No. 101 and Sealed Document No. 104), the Declarations of Thomas J. Peistrup in support of the motion (Document No. 102 and Sealed Document No. 103), the MEMORANDUM OF LAW IN

OPPOSITION filed by ClubCom, LLC (Document No. 109), and the REPLY BRIEF filed by CM (Document No. 114).

A.  Motion For Judicial Determination Of Privilege

On March 10, 2009, ClubCom produced three boxes of documents to CM. *See* Nardi Dec., Ex. A.  On April 13, 2009, CM informed ClubCom that there appeared to be approximately 4,000 missing documents, as there was an apparent gap in the numbering of the ClubCom documents.  Accordingly, on April 14, 2009, via Federal Express, ClubCom forwarded to CM another box of documents which contained the "missing 4,000 documents."[1]

On April 30, 2009, in the course of preparing for the deposition of Joseph Plastino, which was scheduled for the following week on May 5, 2009, ClubCom discovered that a small number of privileged documents, including the four documents that are at issue in this motion, had been inadvertently produced.  ClubCom immediately notified CM of the inadvertent disclosure and requested the immediate return of the privileged documents.[2]

Counsel for CM then located all copies of the "privileged" documents and informed counsel for ClubCom that he would comply with Federal Rule of Civil Procedure

---

[1] CM contends that the 4,000 "missing" documents were not contained within the three boxes it received on March 10, 2009; ClubCom responds that CM either "misplaced the documents or, at a minimum, was negligent in failing to compare ClubCom's transmittal letter to the document production to determine whether it had received all the documents."

[2] Joseph Plastino is a former executive of Precor, a former corporate affiliate of ClubCom.  ClubCom's counsel represented Mr. Plastino for the purpose of his deposition.

26(b)(5)(B) and agreed to proceed with Mr. Plastino's deposition as scheduled, without introducing any of the allegedly privileged documents. CM also reserved the right to resume the deposition of Mr. Plastino pending a determination of privilege by the Court.

In the instant motion, CM seeks a determination of privilege of four (4) documents, to wit:

      a.      Exhibit 361, a February 14, 2006 (8:07 a.m.) email from Thomas Lapcevic of ClubCom to Paul Byrnes of Precor (CC8941-CC8942);

      b.      Exhibit 362, a February 14, 2006 (8:46 a.m.) from Thomas Lapcevic of ClubCom to Paul Byrne of Precor (CC8939-CC8940);

      c.      Exhibit 363, a July 17-18, 2007 email exchange between Joseph Plastino of Precor and Raymond Berens of Amer Sports North America (CC11315); and

      d.      Exhibit 365, an August 1, 2007, email exchange between Joseph Plastino of Precor and Raymond Berens of Amer Sports North America (CC11340).

CM argues that the documents are not privileged because they are emails forwarded among individuals who are not attorneys. However, in making this argument, as ClubCom correctly notes, CM has ignored the fact that Exhibits 361, 362, and 363 are email chains which each begin with an email from Raymond Berens, General Counsel to Precor and ClubCom. These emails contain discussions initiated by Raymond Berens which relate to the negotiation and wording of legal contracts, as opposed to mere business or factual information. Moreover, Exhibit 365 is an email exchange directly between Joseph Plastino and Raymond Berens.

Paul Bryne was corporate president in charge of oversight and strategic direction of ClubCom, as well as President of Precor, the former corporate affiliate of

ClubCom. Thomas Lapcevic was the operational president for day-to-day matters of ClubCom. Joseph Plastino was the former Senior Vice President of Precor, Inc., who according to ClubCom, was a Precor officer with responsibility for acting as liaison to ClubCom. Courts have found that where an in-house attorney provides the corporation's officers with legal advice, the attorney-client privilege protects both the initial communication from the attorney and subsequent communications among the corporation's officers discussing the legal advice, whether or not the attorney is included in the subsequent communications. *See Andritz Sprout-Bauer, Inc. v. Beazer East, Inc.*, 174 F.R.D. 609, 633 (M.D. Pa. 1997).

After a careful review of Exhibits 361, 362, 363, and 365, the Court finds that Raymond Berens was acting in a legal rather than business capacity and that Exhibits 361, 362, 363, and 365 are communications in connection with the legal advice of Mr. Berens and are, therefore, privileged communications and/or attorney work product. *See Grimes v. LLC Int'l Inc.,* No. Civ. A. 16957, 1999 WL 252381, at *3 (Del. Ch. April 23, 1999) (privilege extends to lawyer's communications to parent and subsidiaries); *United States v. AT&T*, 86 F.R.D. 603, 616 (D.D.C. 1979) ("[A] corporate 'client' includes not only the corporation by whom the attorney is employed or retained, but also parent, subsidiary, and affiliate corporations."); *Leonen v. Johns-Manville*, 135 F.R.D. 94, 98 (D.N.J. 1990) ("Communications which relate to business rather than legal matters do not fall within the protection of the privilege.")

Furthermore, the Court finds that Exhibits 363 and 365 are further protected by the attorney work product privilege as these emails are correspondence between officers of

ClubCom and ClubCom's counsel in which possible responses to the "threat" of litigation made by CM are being discussed.

The Court also finds that ClubCom has not waived any claims of privilege or work product with respect to Exhibits 361, 362, 363, and 365. First, it is significant that of the approximately 4,000 documents produced on April 13, 2009, ClubCom is claiming a privilege only as to four (4) documents. Next, there is absolutely no indication that ClubCom produced these documents intentionally nor is there any indication that ClubCom did not take reasonable steps to prevent disclosure. Lastly, the record clearly reflects that immediately upon ClubCom becoming aware of its inadvertent disclosure, it promptly took reasonable steps to rectify the error and recall the four (4) documents. *See* Fed. R. Evid. 502(b). For these reasons, the Court finds that ClubCom acted appropriately to preserve the privilege of these documents.

B.  Motion to Resume Depositions

CM also "seeks an order allowing it to resume the deposition of ClubCom's former and/or current officers Paul Byrne, Tom Lapsevic, and Ray Berens, and third-party witness Joe Plastino, subject to this Court's determination of the privilege (if any) applicable to the above-referenced Exhibits 361, 362, 363, and 365." Mot. at 2.

Because the Court has ruled that Exhibits 361, 362, 363, and 365 are privileged documents, the Court will deny the request of CM to resume the depositions of ClubCom's former and/or current officers Paul Byrne, Thomas Lapsevic, and Raymond Berens, and third-party witness Joseph Plastino.

C.          Motion to Compel ClubCom to Produce Documents for an In Camera Review of Privilege

CM requests the Court to order ClubCom to produce for in camera review of privilege ten (10) documents which ClubCom has identified on its privilege log: PRIVCC00334, PRIVCC00335, PRIVCC00642-643, PRIVC00644-645, PRIVCC00646-647; PRIVCC00648-651, PRIVCC00652, PRIVCC00653, PRIVCC00654, and PRIVCC00657-660.

CM contends that the "privilege log does not satisfy ClubCom's obligations under Federal Rule of Civil Procedure 26(b)(5)(A) for lack of adequate description, the documents listed above do not appear to have any reasonable basis for privilege since they are comprised of communications that, on the face of the log, were communicated to third-party ClubCom, or communications between business persons." Br. at 15.

The Court finds that the disputed privilege log entries clearly disclose the date, author, recipient(s), and general subject matter of each document, and as well as identifies the claimed privilege. Accordingly, the Court finds that CM has not established any factual basis to support an in camera review. Based on a review of the privilege log, the Court finds that the following documents are privileged as the recipient(s) are either Raymond Berens and/or Brad Fox, outside counsel for ClubCom: PRIVCC00335, PRIVCC00642-643, PRIVC00644-645, PRIVCC00646-647; PRIVCC00652, PRIVCC00653, and PRIVCC00654.

However, it is not so clear that documents PRIVCC000334, PRIVCC00648-000651, and/or PRIVCC000657-660 are privileged. On the face of the log, it does not appear that these documents are in fact privileged as they do not appear to be communications to or from an attorney or are they communications among the corporation's officers which discuss

legal advice rendered by an attorney. Based on the limited number of documents at issue (i.e., three (3)), the Court will grant ClubCom the opportunity to revise its privilege log as to these three (3) documents <u>only</u> and further define the basis for privilege of these documents, if so desired. Such revision must be prepared and produced to CM on or before **July 7, 2009**.

So **ORDERED** this 30th day of June, 2009.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc:       Diane M. Nardi, Esquire
          Brown Rudnick LLP
          Email: dnardi@brownrudnick.com

          Emilio A. Galvan, Esquire
          Brown Rudnick LLP
          Email: egalvan@brownrudnick.com

          Martin S. Siegel, Esquire
          Brown Rudnick LLP
          Email: msiegel@brownrudnick.com

          Susan A. Yohe, Esquire
          Buchanan Ingersoll
          Email: susan.yohe@bipc.com

          David A. Strassburger, Esquire
          Strassburger, McKenna, Gutnick & Gefsky
          Email: dstrassburger@smgglaw.com

          Louis P. Petrich, Esquire
          Leopold, Petrich & Smith, P.C.
          Email: lpetrich@lpsla.com

          Thomas J. Peistrup, Esquire
          Leopold, Petrich & Smith
          Email: tpeistrup@lpsla.com

          Vincent Cox, Esquire
          Leopold, Petrich & Smith
          Email: vcox@lpsla.com