**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CLUBCOM, LLC f/k/a CLUBCOM, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02: 07-cv-1462 |
| | ) | |
| CAPTIVE MEDIA, INC., d/b/a HEALTH CLUB PANEL NETWORK, | ) ) | |
| | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| CM SHAREHOLDER HOLDINGS, INC., f/k/a/ CAPTIVE MEDIA, INC., d/b/a HEALTH CLUB PANEL NETWORK, a California Corporation, | ) ) ) ) | |
| | ) | |
| Counterclaim Plaintiff, | ) | |
| | ) | |
| v. | ) | 02: 07-cv-1462 |
| | ) | |
| CLUBCOM, LLC, f/k/a CLUBCOM, INC., a Delaware Corporation; | ) ) | |
| | ) | |
| Counterclaim Defendant. | ) | |

**ORDER OF COURT**

Presently before the Court for disposition is the MOTION FOR

RECONSIDERATION OF ORDER DENYING DISCOVERY RE ZOOM MEDIA AND RE

SALE OF PLAINTIFF, with brief in support, filed by Defendant and Counterclaim Plaintiff

CM Shareholder Holdings, Inc. f/k/a Captive Media d/b/a Health Club Panel Network ("CM")

(Document No. 125), the MEMORANDUM OF LAW IN OPPOSITION filed by Plaintiff and

Counterclaim Defendant ClubCom, LLC, f/k/a ClubCom, Inc. ("ClubCom") (Sealed Document

No. 130), and the REPLY BRIEF filed by CM (Document No. 131).

CM requests that the Court reconsider its Order of February 24, 2009, in which it denied CM's request for production of documents relating to the purchase of ClubCom by Zoom Media.   The Court finds and rules that CM  has presented no extraordinary circumstances or arguments which meet the high standard required to justify reconsideration.

Generally, a motion for reconsideration will only be granted if: (1) there has been an intervening change in controlling law; (2) new evidence, which was not previously available, has become available; or (3) necessary to correct a clear error of law or to prevent manifest injustice. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied*, 47 U.S. 1171 (1986).   CM argues that reconsideration is proper because (i) new evidence has emerged which demonstrates the relevance of the documents sought and (ii) the ruling that the requested discovery was not calculated to lead to the discoverable of admissible evidence was a clear error of law.  The Court finds both these arguments to be without merit.

On July 10, 2008, CM propounded requests for production on ClubCom.  On October 6, 2008, ClubCom responded with objections.  Thereafter, on January 21, 2009, CM filed a motion to compel responses to, *inter alia,* thirty-nine (39) individual requests for production. By Order dated February 24, 2009, the Court granted in part and denied in part CM's requests.  Specifically, the Court denied the motion as to requests number 24, 25, and 77.

Request for Production Nos. 24 and 25 sought (i) all documents since December 7, 2005, which related to any potential merger between ClubCom and any other entity and (ii) all documents which related to any potential sale or transfer of ClubCom assets to any other person.  The Court found these requests to be overly broad, not relevant to the issues raised by

2

this lawsuit, nor reasonably calculated to lead to the discovery of relevant or admissible evidence.

Request for Production No. 77 sought all documents which related to Zoom Media. The Court also denied this request as overly broad and unduly burdensome as it sought documents that were neither relevant to the issue raised by this lawsuit nor reasonably calculated to lead to the discovery of relevant or admissible evidence.

At the time the Court issued its Order, CM did not file any objections or seek reconsideration. Fact discovery closed in this matter on June 3, 2009. However, on July 24, 2009, five (5) months to the day that the discovery Order was issued, CM filed the instant Motion for Reconsideration in which it requests the Court to reconsider its February 24, 2009, ruling(s) as to Request for Production Nos. 24, 25, and 77, specifically as to those documents which relate to the Zoom Media / ClubCom purchase transaction and the communications leading to the transaction.

CM argues that these documents "are directly relevant to significant issues in the action because they are likely to show the financial benefit to ClubCom resulting from its termination of the [License Agreement], thereby reducing ClubCom's damage. It also appears to be relevant because the loss to CM of its national advertising sales right is a significant component of the damage claim of CM . . .the documents related to the September 2008 transaction between ClubCom and ZoomMedia are likely to assist in the valuation of those rights, and will assist defendant's experts in preparing a rebuttal to [ClubCom's expert] report."

In support of its arguments, CM attached a July 24, 2009, letter from its expert, Mark Gleason, CPA, in which Mr. Gleason opines that the documents sought would provide

3

important information that would assist him in preparing his expert report in this matter, especially as such information might provide guidance with respect to a valuation of a digital media company.

The Court finds that CM has provided no new evidence, but rather has "repackaged" the same arguments it previously made about these same documents. Said arguments were previously given due consideration, but not credited by this Court. The fact that CM's expert now has indicated that he would like to see the documents which the Court has previously ruled were not relevant, does not change the Court's prior determination that the information is not relevant to this lawsuit.

CM appears to argue that the purchase price Zoom Media paid for ClubCom is relevant to the damages ClubCom might seek for harm to its going-concern value as a result of CM's breach of the License Agreement. However, ClubCom has represented to the Court that it does not seek such "loss of value" damages; rather, it seeks damages based on the traditional measures for contract damages - expectancy damages (*i.e.*, lost royalties on the License Agreement) and incidental damages (*i.e.*, loss of installation and subscription fees due to CM's breach.)

Furthermore, as ClubCom argues, the acquisition by Zoom Media of ClubCom simply does not entitle CM to information concerning the acquisition or make that information relevant to this case.

In sum, the Court finds that CM continues to advance the same arguments that it made in its motion to compel. Said arguments were previously given due consideration, but not credited by this Court. Motions for reconsideration are not designed to provide litigants with a

4

second bite at the apple. *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995).   Therefore, the Court finds that the arguments raised in the instant motion do not warrant further analytical discussion.

    **AND NOW**, this 14th day of August, 2009, it is hereby **ORDERED** that the

MOTION FOR RECONSIDERATION OF ORDER DENYING DISCOVERY RE ZOOM

MEDIA AND RE SALE OF PLAINTIFF  filed by CM Shareholder Holdings, Inc. f/k/a Captive

Medai, Inc. d/b/a Health Club Panel Network is **DENIED**.


                                BY THE COURT:


                                s/Terrence F. McVerry
                                United States District Court Judge

cc:        Diane M. Nardi, Esquire
Brown Rudnick LLP
Email: dnardi@brownrudnick.com

Emilio A. Galvan, Esquire
Brown Rudnick LLP
Email: egalvan@brownrudnick.com

Martin S. Siegel, Esquire
Brown Rudnick LLP
Email: msiegel@brownrudnick.com

Susan A. Yohe, Esquire
Buchanan Ingersoll
Email: susan.yohe@bipc.com

David A. Strassburger, Esquire
Strassburger, McKenna, Gutnick & Gefsky
Email: dstrassburger@smgglaw.com

Louis P. Petrich, Esquire
Leopold, Petrich & Smith, P.C.
Email: lpetrich@lpsla.com

Vincent Cox, Esquire
Leopold, Petrich & Smith
Email: vcox@lpsla.com

Jamie L. Frieden, Esquire
Leopold, Petrich & Smith
Email: jfrieden@lpsla.com